## RYAN v KROGER GROCERY & BAKING CO.

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5603. Decided Sept. 18, 1939.

Freiberg & Simmonds and Charles Broeman, Cincinnati, for appellant.

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, for appellee.

## OPINION

BY THE COURT:

This law suit grows out of a contract of employment for personal services to be rendered by the plaintiff-appellant for the defendant-appellee company.

The action is for a claimed breach of that contract. The letter from the president of the defendant company to the plaintiff and the plaintiff's letter in answer thereto constitute the contract sued upon. These letters are:

"March 17, 1931.

Dr. Andrew H. Ryan,
18 East Erie Street,
Chicago, Illinois.
Dear Doctor Ryan:

This will confirm the understanding which you have with The Kroger Grocery & Baking Company, made through Mr. Bonham and myself, relative to your terms of employment.

You are to devote all your time to the affairs of the Kroger Foundation, beginning April 6th, 1931, and are to be paid at the rate of Eighteen Thousand ($18,000.00) Dollars per annum, payable in equal installments at the end of each of. the thirteen periods of our business calendar.

The minimum period of your employment is for one year from the above date, that is, should we abandon the Foundation's activities at any time before April 6, 1932, we will owe you for one full year. After the first year if your employment should cease because of the abandonment of the Foundation or change of policy, you will be entitled to two periods full pay after notice to you of the discontinuance of your services.

You understand that we do not make personal service contracts and that our commitments as stated above are a departure from our usual custom; but we wish you to understand that we have every hope your appointment as Director of the Food Foundation will be permanent in its nature and we expect it to be so. Of course, this arrangement is contingent upon your being happy and satisfied in your work and wishing to stay in it, and on the further fact that you properly discharge your duties in accordance with the authority and directors of the officers of the company.

I hope this will cover the point you had in mind when you asked me to give you a memorandum of the understanding you had with Mr. Bonham and myself.

Yours very truly,

Albert H. Morrill."

"March 30, 1931.

Mr. Albert H. Morrill, President,
The Kroger Grocery & Baking Co.,
Cincinnati, Ohio.
Dear Mr. Morrill:

This will acknowledge receipt of your letter of March 17, in which you confirm my appointment of Director of the Kroger Foundation and the terms of my employment by the Kroger Grogery & Baking Company.

Your letter covers the terms of my employment according to my understanding and verbal acceptance, and is hereby confirmed.

Assuring you of my pleasure in being connected with the Kroger Company, I am,

Sincerely yours,"

Plaintiff thereupon entered the service of the company and served for a year, the minimum period provided in the contract, later the defendant company terminated his connection with the company by notice and tendered him the two periods full pay in addition, as provided in the contract.

It is the unanimous opinion of this court that the contract ██ was for a year, to be continued at the will of the parties. This being true, the plaintiff had a right, at the end of one year, to cease his employment with the company. Likewise, the defendant company could discontinue plaintiff's employment at the end of one year, giving him the two periods full pay, after notice.

There is a great deal of evidence in the record to the effect that Ryan failed to properly discharge his duties in accordance with the authority and directors of the company. The trial court upon this might have found that, even if the defendant was not entitled to discontinue the plaintiff's service under the letter of the contract, the plaintiff failed to properly discharge his duties in accordance with the authority and directors of the company, and could, therefore, legally terminate his employment. However, we do not feel it necessary to go to this extent, as a fair interpretation of the contract, as we see it, as above stated, creates a contract for one year, to be continued at the will of the parties.

Our conclusion is that the defendant did not breach the contract by discontinuing the employment of the plaintiff, and that, therefore, the plaintiff is not entitled to recover.

Under this conclusion, if any errors intervened in the trial, they were not prejudicial to the plaintiff.

The judgment is affirmed.

HAMILTON, PJ., MATTHEWS & ROSS, JJ., concur.

## APPLICATION FOR REHEARING

No. 5603. Decded Nov. 13, 1939.

BY THE COURT:

On this application for a rehearing, we have considered the briefs filed thereon, and have re-examined the record and original briefs. We find nothing that would justify a rehearing, but in view of our re-examination of the questions presented, make these observations in addition to those presented in the opinion heretofore handed down:

1. It was on the insistence of the appellant that his contract was integrated into the letters that were introduced in evidence. It will be seen from them that after the appellee stated the terms the appellant expressed complete satisfaction with the document as a memorial of their agreement. These letters were offered in evidence by the plaintiff and it devolved upon the court to construe the language in the light of the circumstances upon the appellee's motions for judgment made at the close of the appellant's evidence and renewed at the close of all the evidence. The ruling on the motions made at the close of the appellant's evidence was reserved. The record shows that when these motions were renewed at the close of all the evidence, they were overruled. It appears, with equal clearness from the opinion of the trial court and its

findings of fact that the court, in effect, entered the same judgment on the same grounds that would have been entered had the motions for judgment made at the close of appellant's evidence been sustained. Had the case been disposed of in that manner, there would have been no evidence before the court relating to the various defenses. While the case was decided after the evidence relating to the defenses had been introduced, the ground of the decision was that the appellant had failed to prove a cause of action, and not on the ground that the appellee had failed to defeat this apparent right to recover by proving one or more defenses thereto. Those defenses and the evidence relating thereto became immaterial in view of the ground upon which the judgment was predicated, if that ground was sound, and any error relating to such defenses would not be prejudicial. Findings of fact based on the evidence relating to such issues would serve no purpose in that situation, and the refusal to make them could produce no prejudice whatsoever.

The statute (§11470, GC) provides that: "When questions of fact are tried" a litigant may require the court to state "in writing the conclusions of fact found separately from the conclusions of law," with a view of excepting to the court's decision. Now it is manifest that the "questions of fact" relating to the defenses were not "tried." There was no "judicial examination" of those issues which is the statutory criterion of a trial, §11376, GC. True, evidence was introduced relating to them, but ultimately this evidence was, in effect, excluded as being unnecessary to a decision, and the court decided nothing in relation thereto. The court's decision was, that the plaintiff had failed to prove a breach of contract. The court made a finding from the evidence relating to the questions of fact involved in that decision and stated them separately. The findings are ample to test the validity of the decision.

But it is said **Produce Co. v Dennert, 104 Oh St 149,** gives a litigant the absolute right to have a separate finding of facts as to every question of fact which the court tentatively permits to be raised regardless of whether it was eventually tried and decided. We do not so understand that decision.

In that case the interrogatories submitted related to the questions of fact actually decided by the court. There were no affirmative defenses in that case. The findings requested necessarily related to the plaintiff's case, and would test whether the court had correctly applied the law. The court refused to make any finding, which is just the opposite of what the court did in this case.

The court at pages 154 and 155 in the Dennert opinion clearly states the limitation upon the power of the court in this situation, when it says that the Appellate Court should not reverse unless the error was prejudicial.

We find that the trial court in the instant case did not err in refusing to make findings upon undecided issues and, furthermore, that if technical error was committed, it lacked the essential element of prejudice to justify a reversal, in view of the fact that we have concluded that the correct judgment was rendered upon the issue which the court correctly found was the determinative one.

2. Without presenting anything not presented at the original hearing, counsel challenges the correctness of the construction placed upon the written contract by the trial court, which this court has found to be the correct construction. That construction was that this contract provided for a contract of employment for one year, and, thereafter, at the will of either party thereto. The challenge is said to be supported by **Kelly v Carthage Wheel Co., 62 Oh St 598.** Our view is that the striking difference in the provisions of the two contracts clearly discloses why the contract in this case provides for an employment for one year, and an employment thereafter at the will of the parties; whereas, in Kelly v Carth-

age Wheel Co., the contract provided for an employment renewable from year to year by continuing in the employment after the expiration of the expired year. We quote from the contract in the Kelly case to show this difference:

" 'In making this agreement or contract, I will want you to guarantee me $3,000 per year, a proportion of this amount to be paid me each pay day and a settlement to be made at the end of each year, and if I should make more than the above guarantee, the difference be paid me at the end of each year when settlement is made.' "

The application for a rehearing is denied.

HAMILTON, PJ., MATTHEWS & ROSS, JJ., concur.